UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBALL INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-cv-1374 |
| ) | |
| NWN, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Kimball International, Inc. ("Kimball"), complains and alleges as follows:

### The Parties

1. Kimball is a corporation organized and existing under the laws of the State of Indiana and has its principal place of business in Jasper, Indiana.

2. Kimball is the assignee of record of United States Design Patent Nos. D654,718 and D665,188.

3. Kimball is an award-winning furniture design and manufacturing company that has operated for over four decades.

4. Defendant, NWN, Inc. ("NWN") (doing business as Westin-Nielsen) is a corporation with its principal place of business in White Bear Lake, Minnesota.

### Jurisdiction and Venue

5. This Court has original jurisdiction over the subject matter of this action pursuant to the provisions of Title 28, United States Code ("U.S.C.") §§ 1331 and 1338(a), because the action arises under the Patent Laws of the United States, Title 35 U.S.C. § 100 et seq.

US.54418987.02

6. NWN is subject to personal jurisdiction in this district because, among other reasons, upon information and belief, it directly and through its agents does business in the Southern District of Indiana.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## COUNT I

### Infringement of United States Design Patent No. D654,718

8. Kimball hereby incorporates for reference the allegations set forth in paragraphs 1–7 as if fully set forth herein.

9. On February 28, 2012, United States Design Patent No. D654,718 ("'718 Patent"), entitled "Side Chair," was duly and legally issued to Kimball, as assignee. A copy of the '718 Patent is attached to this Complaint as Exhibit A.

10. Possessing all substantial rights to the '718 Patent and the '718 Patent being in full force and effect, Kimball has the right to sue for any infringement thereof.

11. Upon information and belief, NWN has infringed the patented design claimed in the '718 Patent, either directly or contributorily, by making, using, selling, offering for sale, or supplying products such as the Westin-Nielsen Cascade, among others, all in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

12. Indeed, this infringement is evident from a side-by-side comparison of an exemplary figure of the '718 Patent with the Westin-Nielsen Cascade:



| Perspective View of Westin-Nielsen Cascade | Front Perspective View of the '718 Patent (Fig. 1) |
|---|---|

This side-by-side comparison is provided merely for example. Kimball complains and alleges that additional product configurations of the Cascade infringe the '718 Patent.

13. By reason of NWN's acts of infringement, Kimball has suffered and is suffering damages, including impairment of the value of the '718 Patent, in an amount yet to be determined.

14. NWN's acts of infringement are causing irreparable harm to Kimball and will continue to cause irreparable harm unless enjoined by this Court.

15. Upon information and belief, NWN's continued infringement of the '718 Patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II

### Infringement of United States Design Patent No. D665,188

16. Kimball hereby incorporates for reference the allegations set forth in paragraphs 1–15 as if fully set forth herein.

US.54418987.02

17.     On August 14, 2012, United States Design Patent No. D665,188 ("'188 Patent"), entitled "Side Chair," was duly and legally issued to Kimball, as assignee.  A copy of the '188 Patent is attached to this Complaint as Exhibit B.

18.     Possessing all substantial rights to the '188 Patent and the '188 Patent being in full force and effect, Kimball has the right to sue for any infringement thereof.

19.     Upon information and belief, NWN has infringed the patented design claimed in the '188 Patent, either directly or contributorily, by making, using, selling, offering for sale, or supplying products such as the Westin-Nielsen Cascade, among others, all in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

20.     Indeed, this infringement is evident from a side-by-side comparison of exemplary figures of the '188 Patent with the Westin-Nielsen Cascade:



| Perspective View of Westin-Nielsen Cascade | Front Perspective View of the '188 Patent (Fig. 1) | Front Perspective View of the '188 Patent (Fig. 15) |

This side-by-side comparison is provided merely for example.  Kimball complains and alleges that additional product configurations of the Cascade infringe the '188 Patent.

21.     By reason of NWN's acts of infringement, Kimball has suffered and is suffering damages, including impairment of the value of the '188 Patent, in an amount yet to be determined.

22. NWN's acts of infringement are causing irreparable harm to Kimball and will continue to cause irreparable harm unless enjoined by this Court.

23. Upon information and belief, NWN's continued infringement of the '188 Patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284.  Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## RELIEF REQUESTED

WHEREFORE, Kimball requests that the Court enter a judgment in Kimball's favor against NWN, and provide Kimball the following relief:

A. Order, adjudge, and decree that NWN has infringed the '718 and '188 Patents in violation of 35 U.S.C. § 271;

B. Issue preliminary and permanent injunctive relief prohibiting NWN and its respective parents, subsidiaries, principals, officers, directors, agents, attorneys, employees, and all others in privity with it from infringing the '718 and '188 Patents pursuant to 35 U.S.C. § 283;

C. Award Kimball its damages for patent infringement, and prejudgment interest and costs against NWN pursuant to 35 U.S.C. § 284;

D. Order, adjudge, and decree that NWN's infringement of the '718 and '188 Patents has been deliberate, willful, and wanton;

E. Order, adjudge, and decree that NWN's infringement of the '718 and '188 Patents has been exceptional under 35 U.S.C. § 285;

F. Treble said damage award under 35 U.S.C. § 284;

G. Award Kimball its reasonable attorneys' fees under 35 U.S.C. § 285;

US.54418987.02

H.     Award Kimball the total profits received or derived by NWN from the manufacture, marketing, sale, offering for sale, and/or distribution of products bearing or using any copy or colorable imitation of the '718 and '188 Patents pursuant to 35 U.S.C. § 289; and

I.     Award such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Kimball hereby demands a trial by jury for each and every issue so permitted by law and statute.

Respectfully submitted,

By:  */s/ David P. Irmscher*

David P. Irmscher (#15026-02)
FAEGRE BAKER DANIELS LLP
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
Tel:  260-424-8000
Fax:  260-460-1700
David.Irmscher@FaegreBD.com

Trenton B. Morton (#30777-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Tel: 317-237-0300
Fax: 317-237-1000
Trenton.Morton@FaegreBD.com

*Attorneys for Plaintiff, Kimball International, Inc.*